IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan, | ) |
| | ) C/A No. 8:07-3987-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Mr. Powell, Stan Burtt, Ms. Linda J. | ) |
| Dunlop, and John Ozmint, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

At the time of the underlying complaint, Plaintiff Jimmy Duncan was an inmate of the South Carolina Department of Corrections housed at the Lieber Correctional Institution in Ridgeville, South Carolina.  Plaintiff, proceeding pro se, filed a complaint on December 17, 2007, alleging that his constitutional rights were violated in various respects.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

On January 1, 2008, an order was issued authorizing service and directing Plaintiff to advise the Office of the Clerk of Court in writing of any address change.  Plaintiff was cautioned that his failure to do so could result in dismissal of his case.

This matter is before the court on motion for summary judgment filed by Plaintiff on February 25, 2008.  Plaintiff also filed a notice of change of address on February 25, 2008, to be effective after February 29, 2008.  Defendants filed a memorandum in opposition to Plaintiff's motion on March 14, 2008.  Also before the court is motion for summary judgment filed by Defendants on April 21, 2008.  On April 22, 2008, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences

if he failed to respond adequately. The Roseboro order was sent to the new address provided by Plaintiff. Plaintiff filed no response to Defendants' motion for summary judgment.

On June 3, 2008, an order was issued granting Plaintiff until June 26, 2008 to file his response to Defendants' motion for summary judgment. On June 16, 2008, the envelope containing Plaintiff's copy of the June 3, 2008 order was returned to the Office of the Clerk of Court, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation. On June 17, 2008, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within action be dismissed pursuant to Fed. R. Civ. P. 41(b) because Plaintiff had failed to keep the Clerk of Court advised of his current address. On June 25, 2008, the envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk's Office marked "Return to Sender, Attempted – Not Known, Unable to Forward."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

2

It appears that Plaintiff no longer wishes to pursue this action.  Accordingly, the court adopts the Magistrate Judge's recommendation that the case be dismissed pursuant to Rule 41(b).  The within action hereby is dismissed pursuant to Rule 41(b) *with prejudice.*

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 1, 2008

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**